# 10-MC-0032

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff,*

-against-

MCGINN, SMITH & CO., INC.;
MCGINN, SMITH ADVISORS LLC;
MCGINN, SMITH CAPITAL HOLDINGS CORP.;
FIRST ADVISORY INCOME NOTES, LLC;
FIRST EXCELSIOR INCOME NOTES, LLC;
FIRST INDEPENDENT INCOME NOTES, LLC;
THIRD ALBANY INCOME NOTES, LLC;
TIMOTHY M. MCGINN; AND
DAVID L. SMITH,

*Defendants, and*

LYNN A. SMITH,

*Relief Defendant.*

U.S. DISTRICT COURT
ND. OF N.Y.
FILED

APR 20 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

1 10- ~~CV 457~~ (GLS/RFT)

UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 3 – 2010

GREGORY C. LANGHAM
CLERK

E C K   D O C U M E N T
I certify that this is a printed
copy of a document which was
electronically filed with the
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK.
LAWRENCE K. BAERMAN, CLERK
Dated: 4/30/2010
By: _____ Deputy Clerk

## ORDER TO SHOW CAUSE,
## TEMPORARY RESTRAINING ORDER,
## AND ORDER FREEZING ASSETS AND GRANTING OTHER RELIEF

On the Application of Plaintiff Securities and Exchange Commission (the "Commission")

for an Order:

(1)     directing defendants McGinn, Smith & Co., Inc. ("MS & Co."); McGinn, Smith

Advisors LLC ("MS Advisors"); McGinn, Smith Capital Holdings Corp. ("MS Capital"); First

Advisory Income Notes, LLC ("FAIN"); First Excelsior Income Notes, LLC ("FEIN"); First

Independent Income Notes, LLC ("FIIN"); Third Albany Income Notes, LLC ("TAIN");

Timothy M. McGinn; David L. Smith (collectively, the "Defendants") to show cause why an

Order should not be entered, pending a final disposition of this action:

(a)    preliminarily enjoining:

   (i)    MS & Co., MS Capital, FAIN, FEIN, FIIN, TAIN, McGinn and

Smith from violating Sections 5(a) and 5(c) of the Securities Act of

1933 ("Securities Act"), 15 U.S.C. §§ 77e(a) and 77e(c);

   (ii)    MS & Co., MS Advisors, MS Capital, McGinn and Smith from

violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a)

and Section 10(b) of the Securities Exchange Act of 1934

("Exchange Act"), 15 U.S.C. § 78j(b) and Exchange Act Rule 10b-

5 thereunder, 17 C.F.R. § 240.10b-5;

   (iii)    MS & Co., MS Advisors, McGinn and Smith from violating

Sections 206(1), 206(2), and 206(4) of the Investment Advisers

Act of 1940 ("Advisers Act"), 15 U.S.C. §§ 80b-6(1) and (2), and

Rule 206(4)-8 thereunder, 17 C.F.R. §275.206(4)-8;

   (iv)    MS & Co. from violating Section 15(c)(1)(A) of the Exchange Act,

15 U.S.C. § 78(o)(1), and Smith and McGinn from aiding and

abetting this violation; and,

   (v)    FAIN, FEIN, FIIN and TAIN from violating Section 7(a) of the

Investment Company Act of 1940 ("Company Act"), 15 U.S.C. §

80a-7.

(b)    freezing the Defendants' and Lynn Smith's (the "Relief Defendant")

assets;

(c)    directing McGinn and Smith (the "Individual Defendants") to provide

verified accountings for themselves and MS & Co., MS Advisors, MS

2

Capital, FAIN, FEIN, FIIN and TAIN (the "Entity Defendants"), and the

Relief Defendant to provide a verified accounting for herself;

(d)    appointing a receiver for the Entity Defendants and all other entities

McGinn and/or Smith control or have an ownership interest in

(collectively the "MS Entities"); and

(e)    prohibiting the destruction, alteration or concealment of documents

(2)    pending adjudication of the foregoing, an Order:

(a)    temporarily restraining the Defendants from violating the aforementioned

statutes and rules;

(b)    freezing the Defendants' and Relief Defendant's assets;

(c)    directing each of the Individual Defendants to immediately provide the

verified accounts for themselves and the Entity Defendants, and the Relief

Defendant to provide the verified accounts for herself;

(d)    appointing a temporary receiver for the MS Entities;

(e)    prohibiting the destruction, alteration or concealment of documents by the

Defendants; and

(f)    providing that the parties may take expedited discovery in preparation for

a preliminary injunction hearing on this Order to Show Cause.

This Court has considered:  (1) the Complaint filed by the Commission, dated April 20,

2010; (2) the Declaration of Israel Maya, executed on April 20, 2010, and the exhibits thereto;

(3) the Declaration of Lara Shalov Mehraban, executed on April 20, 2010, and the exhibits

thereto; and (4) the memorandum of law in support of Plaintiff Commission's application, dated

April 20, 2010.

Based upon the foregoing documents, the Court finds that a proper showing, as required by Section 20(b) of the Securities Act, Section 21(d) of the Exchange Act, Section 209(d) of the Advisers Act, and Section 42(d) of the Company Act, has been made for the relief granted herein, for the following reasons:

1.      It appears from the evidence presented that, unless temporarily restrained, (1) Defendant MS & Co. has violated, and will continue to violate, Sections 5(a) and 5(c) of the Securities Act, Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Exchange Act and Rule 10b-5, Section 206(1), 206(2), and 206(4) of the Advisers Act and Adviser Act Rule 206(4)-8, and Section 15(c)(a)(1) of the Exchange Act; (2) Defendant MS Advisors has violated, and will continue to violate, Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Exchange Act and Rule 10b-5, Section 206(1), 206(2), and 206(4) of the Advisers Act and Adviser Act Rule 206(4)-8; (3) Defendant MS Capital has violated, and will continue to violate, Sections 5(a) and 5(c) of the Securities Act, Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Exchange Act and Rule 10b-5; (4) Defendants FAIN, FEIN, FIIN and TAIN have violated, and will continue to violate, Section 7(a) of the Company Act; and (5) Defendants McGinn and Smith have violated, and will continue to violate Sections 5(a) and 5(c) of the Securities Act, Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Exchange Act and Rule 10b-5, and Section 206(1), 206(2), and 206(4) of the Advisers Act and Adviser Act Rule 206(4)-8, and Defendants McGinn and Smith have aided and abetted, and will continue to aid and abet MS & Co.'s violation of Section 15(c)(a)(1) of the Exchange Act.

2.      It appears that the Defendants and Relief Defendant may attempt to dissipate, deplete, or transfer from the jurisdiction of this Court, funds, property and other assets that could

be subject to an order of disgorgement or an order imposing civil penalties. It appears that an order freezing the Defendants' and Relief Defendant's assets, as specified herein, is necessary to preserve the *status quo*, to protect investors and clients of the Defendants from further transfers of funds and misappropriation, to protect this Court's ability to award equitable relief in the form of disgorgement of illegal profits from fraud and civil penalties, and to preserve the Court's ability to approve a fair distribution for victims of the fraud.

3. It appears that an order requiring each of the Individual Defendants and Relief Defendant to provide a verified accounting of their assets, money and property held directly or indirectly by the Defendants and Relief Defendant, or by others for the direct and indirect beneficial interest of the Defendants and Relief Defendant, is necessary to effectuate and ensure compliance with the freeze imposed on the Defendants' and Relief Defendant's assets.

4. It appears that the Defendants may attempt to destroy, alter or conceal documents.

5. It appears that the appointment of a receiver for the MS Entities is necessary to (i) preserve the *status quo*; (ii) ascertain the extent of commingling of funds among the MS Entities; (iii) ascertain the true financial condition of the MS Entities and the disposition of investor funds; (iv) prevent further dissipation of the property and assets of the MS Entities; (v) prevent the encumbrance or disposal of property or assets of the MS Entities and the investors; (vi) preserve the books, records and documents of the MS Entities; (vii) be available to respond to investor inquiries; (viii) protect investors' assets; and (ix) determine whether the MS Entities should undertake bankruptcy filings.

6. Good and sufficient reasons have been shown why procedure other than by notice of motion is necessary.

7. This Court has jurisdiction over the subject matter of this action and over the

Defendants and Relief Defendant, and venue properly lies in this District.

**NOW, THEREFORE,**

**I.**

**IT IS HEREBY ORDERED** that the Defendants show cause, if there be any, to this

Court at _3:00_ _p_.m. on the _3rd_ day of _May_ 2010, in Room _6_ of the

James T. Foley United States Courthouse, 445 Broadway, Albany, NY 12207-2924, why this

Court should not enter an Order pursuant to Rule 65 of the Federal Rules of Civil Procedure,

Section 20 of the Securities Act, and Section 21 of the Exchange Act, Section 209(d) of the

Advisers Act, and Section 42 of the Company Act preliminarily enjoining:

(1)     MS & Co., MS Capital, FAIN, FEIN, FIIN, TAIN, McGinn and Smith from

violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and

77e(c);

(2)     MS & Co., MS Advisors, MS Capital, McGinn and Smith from violating Section

17(a) of the Securities Act, 15 U.S.C. § 77q(a) and Section 10(b) of the Exchange

Act, 15 U.S.C. § 78j(b) and Exchange Act Rule 10b-5 thereunder, 17 C.F.R. §

240.10b-5;

(3)     MS & Co., MS Advisors, McGinn and Smith from violating Sections 206(1),

206(2), and 206(4) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and (2), and Rule

206(4)-8 thereunder, 17 C.F.R. §275.206(4)-8;

(4)     MS & Co., from violating Section 15(c)(1)(A) of the Exchange Act, 15 U.S.C. §

78(o)(1), and Smith and McGinn from aiding and abetting this violation; and,

(5)     FAIN, FEIN, FIIN and TAIN from violating Section 7(a) of the Company Act, 15

U.S.C. § 80a-7.

## II.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this Court should not also enter an Order directing that, pending a final disposition of this action, the Defendants, the Relief Defendant, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer, pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets, funds, or other property (including money, real or personal property, securities, commodities, choses in action or other property of any kind whatsoever) of, held by, or under the direct or indirect control of the Defendants and Relief Defendant, including but not limited to, the MS Entities, including but not limited to, those entities listed on Exhibit A, whether held in any of their names or for any of their direct or indirect beneficial interest wherever situated, in whatever form such assets may presently exist and wherever located within the territorial jurisdiction of the United States courts, and directing each of the financial or brokerage institutions, debtors and bailees, or any other person or entity holding such assets, funds or other property of the Defendants and Relief Defendant to hold or retain within its or his control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds or other properties including but not limited to, all assets, funds, or other properties held in the accounts listed on Exhibit B, as well as each real estate parcel owned directly or indirectly by the MS Entities, including but not limited to, those entities listed on Exhibit A.

## III.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this

Court should not also enter an Order enjoining and restraining them, and any person or entity

acting at their direction or on their behalf, or any other person, from destroying, altering,

concealing or otherwise interfering with the access of Plaintiff Commission and the receiver to

any and all documents, books and records, that are in the possession, custody or control of the

Defendants, and each of their officers, agents, employees, servants, accountants, financial or

brokerage institutions, attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and

related entities, including but not limited to, the MS Entities, including but not limited to, those

entities listed on Exhibit A, that refer, reflect or relate to the allegations in the Complaint,

including, without limitation, documents, books, and records referring, reflecting or relating to

the Defendants' finances or business operations.

## IV.

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this

Court should not also enter an Order directing each of the Individual Defendants to serve upon

Plaintiff Commission, within three (3) business days, or within such extension of time as the

Commission agrees to, a verified written accounting each signed by Defendants McGinn and

Smith and also signed by the officer or employees of the Entity Defendants who are most

knowledgeable about the assets, liabilities and general financial condition of each of the

Defendants, and verified accountings signed by each of the Individual Defendants and the Relief

Defendant identifying their own assets, liabilities and general financial condition, if any, under

penalty of perjury. Each of the Defendants and Relief Defendant shall serve such sworn updated

written accountings by hand delivery, facsimile transmission to (212) 336-1324 or overnight

courier service on the Commission's counsel, David Stoelting, Esq., Securities and Exchange

Commission, 3 World Financial Center, New York, NY 10281.

**V.**

**IT IS FURTHER ORDERED** that Individual Defendants and Relief Defendant shall

file with the Court and serve on the Commission, within three (3) business days following

service of this Order, a list of all accounts at all banks, brokerage firms or financial institutions

(including the name of the financial institution and the name and number on the account), tax

identification numbers, telephone or facsimile transmission numbers (including numbers of

pagers and mobile telephones), electronic mail addresses, World Wide Web sites or Universal

Records Locators, Internet bulletin board sites, online interactive conversational spaces or chat

rooms, Internet or electronic mail service providers, street addresses, postal box numbers, safety

deposit boxes, and storage facilities used or maintained by them or under their direct or indirect

control, at any time from January 1, 2005 to the present including but not limited to information

concerning the MS Entities, including but not limited to, those entities listed on Exhibit A.

**VI.**

**IT IS FURTHER ORDERED** that the Defendants show cause at that time why this

Court should not also enter an Order appointing or continuing the appointment of a receiver for

the MS Entities and all entities they control or have an ownership interest in including but not

limited to, those entities listed on Exhibit A, to (i) preserve the *status quo*, (ii) ascertain the

extent of commingling of funds among the MS Entities; (iii) ascertain the true financial condition

of the MS Entities and the disposition of investor funds; (iv) prevent further dissipation of the

property and assets of the MS Entities and all entities they control or have an ownership interest

in; (v) prevent the encumbrance or disposal of property or assets of the MS Entities and the

investors; (vi) preserve the books, records and documents of the MS Entities;) (vii) be available

to respond to investor inquiries; (viii) protect the assets of the MS Entities from further

dissipation; and (ix) determine whether the MS Entities should undertake bankruptcy filings.

To effectuate the foregoing, the receiver would be empowered to:

(a)     Take and retain immediate possession and control of all of the assets and property, and all books, records and documents of the MS Entities including but not limited to, the entities listed on Exhibit A, and the rights and powers of it with respect thereto including the powers set forth in the management agreements and LLC agreements and/or operating agreements applicable to any LLCs or other property or entities owned or controlled by the Defendants;

(b)     Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of the MS Entities including but not limited to, the entities listed on Exhibit A;

(c)     Pay from available funds necessary business expenses required to preserve the assets and property of the MS Entities including but not limited to, the entities listed on Exhibit A, including the books, records, and documents of the MS Entities and all entities they control or have an ownership interest in, notwithstanding the asset freeze imposed by paragraph II, above;

(d)     Take preliminary steps to locate assets that may have been conveyed to third parties or otherwise concealed;

(e)     Take preliminary steps to ascertain the disposition and use of funds obtained by the Defendants resulting from the sale of securities issued by MS Entities including but not limited to, the entities listed on Exhibit A;

(f)     Engage and employ persons, including accountants, attorneys and experts, to

assist in the carrying out of the receiver's duties and responsibilities hereunder;

(g)     Report to the Court and the parties within 45 days from the date of the entry of

this Order, subject to such reasonable extensions as the Court may grant, the

following information:

1.      All assets, money, funds, securities, and real or personal property then

held directly or indirectly by or for the benefit of the MS Entities and all entities

they control or have an ownership interest in, including but not limited to, real

property, bank accounts, brokerage accounts, investments, business interests,

personal property, wherever situated, identifying and describing each asset, its

current location and value;

2.      A list of secured creditors and other financial institutions with an interest

in the receivership assets;

3.      To the extent practicable, a list of investors in the MS Entities including

but not limited to, the entities listed on Exhibit A;

(h)     The receiver's preliminary plan for the administration of the assets of the

receivership, including a recommendation regarding whether bankruptcy cases

should be filed for all of a portion of the assets subject to the receivership and a

recommendation whether litigation against third parties should be commenced on

a contingent fee basis to recover assets for the benefit of the receivership.

## VII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for Preliminary Injunction, MS & Co., MS Capital, FAIN, FEIN,

FIIN, TAIN, McGinn and Smith and each of them, their agents, servants, employees, and

11

attorneys-in-fact, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from, directly or indirectly, singly or in concert, in the offer or sale of any security, by use of any means or instruments of transportation or communication in interstate commerce or by use of the mails to offer or sell securities through the use or medium of a prospectus or otherwise when no registrations statement has been filed or is in effect as to such securities and when no exemption from registration is available in violation of Sections 5(a) and 5(c) of the Securities Act.

## VIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, MS & Co., MS Advisors, MS Capital, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, are temporarily restrained from violating, directly or indirectly, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

12

(c)     to engage in any act, practice, or course of business which operates or would

operate as a fraud or deceit upon any person.

## IX.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for Preliminary Injunction, MS & Co., MS Advisors, MS Capital, and

each of their financial and brokerage institutions, officers, agents, servants, employees,

attorneys-in-fact, and those persons in active concert or participation with them and all other

persons or entities who receive actual notice of such Order by personal service, facsimile service

or otherwise, and each of them, who receive actual notice of this Order by personal service,

facsimile service, or otherwise, are temporarily restrained from violating Section 17(a) of the

Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or

instruments of transportation or communication in interstate commerce or by use of the mails,

directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a material fact

or any omission of a material fact necessary in order to make the statements

made, in light of the circumstances under which they were made, not

misleading; or

(c)     to engage in any transaction, practice, or course of business which operates or

would operate as a fraud or deceit upon the purchaser.

## X.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for Preliminary Injunction, MS & Co., and each of its officers,

agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from violating Section 15(c) of the Exchange Act, 15 U.S.C. § 78(o)(c), and 17 C.F.R. § 240.10b-3, by while acting as a broker or dealer, directly or indirectly, making use of the mails or any instrumentality of interstate commerce, or any facility of any national securities exchange, to effect any transaction in, or to induce or attempt to induce the purchase or sale of any security otherwise than on a national exchange of which it is a member, by means of any manipulative, deceptive or other fraudulent device or contrivance, or to use or employ, in connection with the purchase or sale of any security otherwise than on a national securities exchange, any act, practice, or course of business defined by the Commission to be included within the term "manipulative, deceptive or other fraudulent device or contrivance" as such term is used in Section 15(c)(1) of the Exchange Act.

## XI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the Commission's Application for Preliminary Injunction, the Individual Defendants, and each of their financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from aiding and abetting any broker's or dealer's violations of Section 15(c) of the Exchange Act, 15 U.S.C. § 78(o)(c), by providing substantial assistance

to an individual or entity, which, while acting as a broker or dealer, directly or indirectly, makes use of the mails or any instrumentality of interstate commerce, or any facility of any national securities exchange, to effect any transaction in, or to induce or attempt to induce the purchase or sale of any security otherwise than on a national exchange of which it is a member, by means of any manipulative, deceptive or other fraudulent device or contrivance, or to use or employ, in connection with the purchase or sale of any security otherwise than on a national securities exchange, any act, practice, or course of business defined by the Commission to be included within the term "manipulative, deceptive or other fraudulent device or contrivance" as such term is used in Section 15(c)(1) of the Exchange Act.

## XII.

**IT IS FURTHER ORDERED** that pending a hearing and determination of the Commission's Application for Preliminary Injunction, MS & Co., MS Advisors and each of their officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them and all other persons or entities who receive actual notice of such Order by personal service, facsimile service or otherwise, and each of them, who receive actual notice of this Order by personal service, facsimile service, or otherwise, are temporarily restrained from violating Sections 206(1), 206(2) and 206(4) of the Advisers Act, 15 U.S.C. §§ 80b-6(1) and (2), and Rule 206(4)-8 thereunder, 17 C.F.R. §275.206(4)-8, while acting as an investment advisor, by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly to employ any device, scheme or artifice to defraud any client or prospective client; to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client; to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

## XIII.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for Preliminary Injunction, FAIN, FEIN, FIIN, and TAIN and each of

their officers, agents, servants, employees, attorneys-in-fact, and those persons in active concert

or participation with them and all other persons or entities who receive actual notice of such

Order by personal service, facsimile service or otherwise, and each of them, who receive actual

notice of this Order by personal service, facsimile service, or otherwise, are temporarily

restrained from violating Section 7(a) of the Company Act, 15 U.S.C. § 80a-7, while acting as an

investment company, shall directly or indirectly, offer for sale, sell, or deliver after sale, by the

use of the mails or any means or instrumentality of interstate commerce, any security or any

interest in a security, whether the issuer of such security is such investment company or another

person; or offer for sale, sell, or deliver after sale any such security or interest, having reason to

believe that such security or interest will be made the subject of a public offering by use of the

mails or any means or instrumentality of interstate commerce; purchase, redeem, retire, or

otherwise acquire or attempt to acquire, by use of the meals or any means or instrumentality of

interstate commerce, any security or any interest in a security, whether the issuer of such security

is such investment company or another person; control any investment company which does any

of the acts enumerated above; engage in any business in interstate commerce; or control any

company which is engaged in any business in interstate commerce.

## XIV.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for a Preliminary Injunction, the Defendants, and each of their

financial and brokerage institutions, officers, agents, servants, employees, attorneys-in-fact, and

those persons in active concert or participation with them and all other persons or entities who

receive actual notice of such Order by personal service, facsimile service or otherwise, and each

of them, hold and retain within their control, and otherwise prevent, any withdrawal, transfer,

pledge, encumbrance, assignment, dissipation, concealment or other disposal of any assets,

funds, or other property (including money, real or personal property, securities, commodities,

choses in action or other property of any kind whatsoever) of, held by, or under the direct or

indirect control of the Defendants, including but not limited to, entities owned or controlled by,

related to, or associated or affiliated with the MS Entities including but not limited to, those

entities listed on Exhibit A, whether held in any of their names or for any of their direct or

indirect beneficial interest wherever situated, in whatever form such assets may presently exist

and wherever located within the territorial jurisdiction of the United States courts, and directing

each of the financial or brokerage institutions, debtors and bailees, or any other person or entity

holding such assets, funds or other property of the Defendants to hold or retain within its or his

control and prohibit the withdrawal, removal, transfer or other disposal of any such assets, funds

or other properties including but not limited to, all assets, funds, or other properties held in the

accounts listed in Exhibt B, as well as each real estate parcel owned directly or indirectly by the

MS Entities including but not limited to, those entities listed on Exhibit A.

## XV.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for a Preliminary Injunction, the Defendants, any person or entity

acting at their direction or on their behalf, and any other third party including but not limited to

any investor, be and hereby are enjoined and restrained from destroying, altering, concealing or

otherwise interfering with the access of Plaintiff Commission and the receiver to any and all

documents, books, and records that are in the possession, custody or control of the Defendants

and each of their respective officers, agents, employees, servants, accountants, financial or

brokerage institutions, or attorneys-in-fact, subsidiaries, affiliates, predecessors, successors and

related entities, including but not limited to, the MS Entities, that refer, reflect or relate to the

allegations in the Complaint, including, without limitation, documents, books and records

referring, reflecting or relating to the Defendants' finances or business operations, or the offer,

purchase or sale of securities and the use of proceeds therefrom; and (2) ordered to provide all

reasonable cooperation to the receiver in carrying out his duties set forth herein.

## XVI.

**IT IS FURTHER ORDERED** that, pending a hearing and determination of the

Commission's Application for a Preliminary Injunction, each of the Defendants shall file with

this Court and serve upon Plaintiff Commission, within three (3) business days, or within such

extension of time as the Commission agrees to, a verified written accounting signed by each of

the Individual Defendants, and the officers or employees of the MS Entities who are most

knowledgeable about the assets, liabilities and general financial condition of the each of the

Defendants, if any, under penalty of perjury, of:

    (1)    All assets, liabilities and property currently held, directly or indirectly, by or for

        the benefit of each Defendant, including, without limitation, bank accounts,

        brokerage accounts, investments, business interests, loans, lines of credit, and real

        and personal property wherever situated, describing each asset and liability, its

        current location and amount;

    (2)    All money, property, assets and income received by each such Defendant for his

direct or indirect benefit from the other Defendants, at any time from January 1,

2005 through the date of such accounting, describing the amount, disposition and

current location of each of the items listed;

(3)     The names and last known addresses of all bailees, debtors, and other persons and

entities that currently are holding the assets, funds or property of each Defendant;

and

(4)     All assets, funds, securities and real or personal property invested by each such

Defendant, or any other person controlled by them, and the disposition of such

assets, funds, securities, real or personal property.

Each Individual Defendant and the officers or employees of the Entity Defendants who are most

knowledgeable about the assets, liabilities and general financial condition of the Defendants, if

any, shall verify the Entity Defendant's accounting and serve such sworn statements of asset

identifying information by hand delivery, facsimile transmission to (212) 336-1324 or overnight

courier service on the Commission's counsel, David Stoelting, Esq., Securities and Exchange

Commission, 3 World Financial Center, New York, NY 10281. Each of the Individual

Defendants is required to provide the Commission with an accounting for his own personal

assets, liabilities and general financial condition, and also provide an accounting for each of the

Entity Defendants. The Relief Defendant is required to provide the Commission with an

accounting for her own personal assets, liabilities and general financial condition.

## XVII.

IT IS FURTHER ORDERED that William J. Brown            , pending further

order of this Court, be and hereby is appointed to act as receiver for the MS Entities including

but not limited to, those entities listed on Exhibit A, to (1) preserve the *status quo*; (2) ascertain the true financial condition of the MS Entities and the disposition of investor funds; (3) determine the extent of commingling of funds between the MS Entities; (4) prevent further dissipation of the property and assets of the MS Entities; (5) prevent the encumbrance or disposal of property or assets of the MS Entities; (6) preserve the books, records and documents of the MS Entities; (7) be available to respond to investor inquiries; and (8) determine if the MS Entities and all entities they control or have an ownership interest in should undertake a bankruptcy filing.  To effectuate the foregoing, the receiver is hereby empowered to:

    (a)    Take and retain immediate possession and control of all of the assets and property of the MS Entities including but not limited to, those entities listed on Exhibit A, and all books, records and documents of MS Entities, and the rights and powers of it with respect thereto;

    (b)    Have exclusive control of, and be made the sole authorized signatory for, all accounts at any bank, brokerage firm or financial institution that has possession or control of any assets or funds of MS Entities including but not limited to, those entities listed on Exhibit A;

    (c)    succeed to all rights to manage all properties owned or controlled, directly or indirectly, by the MS Entities, including but not limited to, those entities listed on Exhibit A, pursuant to the LLC and operating agreement relating to each entity;

    (d)    Pay from available funds necessary business expenses required to preserve the assets and property of MS Entities and all entities they control or have an ownership interest in, including the books, records, and documents of the Defendants, notwithstanding the asset freeze imposed above;

(e)     Take preliminary steps to locate assets that may have been conveyed to third

parties or otherwise concealed;

(f)     Take preliminary steps to ascertain the disposition and use of funds obtained by

the Defendants resulting from the sale of securities issued by the Defendants and

the entities they control;

(g)     Engage and employ persons, including accountants, attorneys and experts, to

assist in the carrying out of the receiver's duties and responsibilities hereunder;

(h)     Take all necessary steps to gain control of the Defendants' interests in assets in

foreign jurisdictions, including but not limited to taking steps necessary to

repatriate foreign assets; and

(i)     Take such further action as the Court shall deem equitable, just and appropriate

under the circumstances upon proper application of the receiver.

### XVIII.

**IT IS FURTHER ORDERED** that no person or entity, including any creditor or

claimant against any of the Defendants, or any person acting on behalf of such creditor or

claimant, shall take any action without further order of this Court to interfere with the taking

control, possession, or management of the assets, including but not limited to the filing of any

lawsuits, liens or encumbrances or bankruptcy cases to impact the property and assets subject to

this order.

### XIX.

**IT IS FURTHER ORDERED** that the Defendants shall pay the reasonable costs, fees

and expenses of the receiver incurred in connection with the performance of his duties described

herein, including but not limited to the reasonable costs, fees and expenses of all persons who

may be engaged or employed by the receiver to assist him in carrying out his duties and

obligations. All applications for costs, fees and expenses of the receiver and those employed by

him shall be made by application to the Court setting forth in reasonable detail the nature of such

costs, fees and expenses and shall conform to the Fee Guidelines that will be supplied by the

U.S. Securities and Exchange Commission.

## XX.

**IT IS FURTHER ORDERED** that discovery is expedited as follows: pursuant to Rules 26,

30, 31, 33, 34, 36 and 45 of the Federal Rules of Civil Procedure, and without the requirement of

a meeting pursuant to Fed. R. Civ. P. 26(f), the parties and the receiver may:

(1)     Take depositions, subject to two (2) calendar days' notice by facsimile or

otherwise;

(2)     Obtain the production of documents, within three (3) calendar days from service

by facsimile or otherwise of a request or subpoena from any persons or entities,

including non-party witnesses; and

(3)     Service of any discovery requests, notices, or subpoenas may be made by personal

service, facsimile, overnight courier, or first-class mail on an individual, entity or

the individual's or entity's attorney; and

(4)     The receiver may take discovery in this action without further order of the Court.

## XXI.

**IT IS FURTHER ORDERED** that a copy of this Order and the papers supporting the

Commission's Application be served upon the Defendants and Relief Defendant on or before

Wednesday, April 21, 2010, by personal delivery, facsimile, overnight courier, or first-class

mail.

## XXII.

**IT IS FURTHER ORDERED** that the Defendants and Relief Defendant shall deliver

any opposing papers in response to the Order to Show Cause above no later than

_Tuesday_____, April _27_,2010, at 4:00 p.m.  Service shall be made by delivering the papers,

using the most expeditious means available, by that date and time, to the New York Regional

Office of the Commission at 3 World Financial Center, Room 4300, New York, New York

10281, Attn: David Stoelting Esq., or such other place as counsel for the Commission may direct

in writing.  The Commission shall have until _Thursday_____, April _29_, 2010, at 5:00 p.m.,

to serve, by the most expeditious means available, any reply papers upon the Defendants and

Relief Defendants, or upon their counsel, if counsel shall have made an appearance in this action.

## XXIII.

**IT IS FURTHER ORDERED** that this Order shall be, and is, binding upon the

Defendants and Relief Defendants and each of their respective officers, agents, servants,

employees, attorneys-in-fact, subsidiaries, affiliates and those persons in active concert or

participation with them who receive actual notice of this Order by personal service, facsimile

service, or otherwise.

_____
                    UNITED STATES DISTRICT JUDGE

Issued at :     _2_ : _00_  P.m.
           April _20_, 2010
           Albany, New York

23

# EXHIBIT A

## Exhibit A
### List of Known Entities Controlled By McGinn and/or Smith

107th Associates LLC Trust 07
107th Associates LLC
74 State Street Capital LP
Acquisition Trust 03
Capital Center Credit Corporation
CMS Financial Services
Cruise Charter Ventures LLC dba YOLO Cruises
Cruise Charter Ventures Trust 08
First Advisory Income Notes LLC
First Commercial Capital Corp.
First Excelsior Income Notes LLC
First Independent Income Notes LLC
FirstLine Junior Trust 07
FirstLine Senior Trust 07
FirstLine Trust 07
Fortress Trust 08
Integrated Excellence Junior Trust
Integrated Excellence Junior Trust 08
Integrated Excellence Senior Trust
Integrated Excellence Senior Trust 08
IP Investors
James J. Carroll Charitable Fund
JGC Trust 00
KC Acquisition Corp.
KMB Cable Holdings LLC
Luxury Cruise Center, Inc.
Luxury Cruise Holdings, LLC
Luxury Cruise Receivables, LLC
M & S Partners
McGinn, Smith & Co.
McGinn, Smith Acceptance Corp.
McGinn, Smith Advisors
McGinn, Smith Alarm Trading
McGinn, Smith Asset Management Corp.
McGinn, Smith Capital Holdings
McGinn, Smith Capital Management LLC
McGinn, Smith Financial Services Corp.
McGinn, Smith FirstLine Funding LLC
McGinn, Smith Funding LLC
McGinn, Smith Group LLC
McGinn, Smith Holdings LLC
McGinn, Smith Independent Services Corp.
McGinn, Smith Licensing Co.

McGinn, Smith Transaction Funding Corp.
Mr. Cranberry LLC
MS Partners
MSFC Security Holdings LLC
NEI Capital LLC
Pacific Trust 02
Pine Street Capital Management LLC
Pine Street Capital Partners LP
Point Capital LLC
Prime Vision Communications LLC
Prime Vision Communication Management Keys Cove LLC
Prime Vision Communications of Cutler Cay LLC
Prime Vision Funding of Cutler Cove LLC
Prime Vision Funding of Key Cove LLC
RTC Trust 02
SAI Trust 00
SAI Trust 03
Security Participation Trust I
Security Participation Trust II
Security Participation Trust III
Security Participation Trust IV
Seton Hall Associates
TDM Cable Funding LLC
TDM Cable Trust 06
TDM Luxury Cruise Trust 07
TDM Verifier Trust 07
TDM Verifier Trust 07R
TDM Verifier Trust 08
TDM Verifier Trust 08R
TDM Verifier Trust 09
TDM Verifier Trust 11
TDMM Benchmark Trust 09
TDMM Cable Funding LLC
TDMM Cable Jr Trust 09
TDMM Cable Sr Trust 09
Third Albany Income Notes LLC
Travel Liquidators, LLC
White Glove Cruises LLC
White Glove LLC

# EXHIBIT B

## Exhibit B
## Known Bank Accounts

| Institution | Account Number | Name of Account Holder | Account Name 2 |
|---|---|---|---|
| Mercantile Bank | 1998 | 107th Assoc. LLC Trust 07 | |
| Mercantile Bank | 1987 | 107th Associates LLC | |
| M&T Bank | 6850 | 107th Associates LLC | |
| M&T Bank | 3478 | 74 State Street Capital LP | Operating |
| M&T Bank | 7062 | 74 State Street Capital LP | |
| M&T Bank | 5288 | Acquisition Trust 03 | Operating Account |
| Whitney National Bank | 9335 | Benchmark Communication LLC | |
| M&T Bank | 0805 | Capital Center Credit Corp | Operating |
| M&T Bank | 2250 | Capital Center Credit Corp | Careclub Depository, 99 Pine St |
| JPMorganChase | 6587 | Capital Center Credit Corp | Special Account Michael Lewy Attn: David Rees |
| NFS/Fidelity | 8178 | Capital Center Credit Corp | C/O MCGINN SMITH & CO INC ATTN DAVID P REES |
| JPMorganChase | 4817 | Capital Center Credit Corp c/o McGinn Smith & Co | |
| Monterey Bank | 6854 | Charter Cruise Ventures | dba YOLO Cruises |
| M&T Bank | 3133 | CMS Financial | |
| M&T Bank | 6985 | CMS Financial Services Corp. | |
| M&T Bank | 2064 | CMS Financial Services Corp. | |
| Monterey Bank | 6846 | Cruise Charter Ventures | dba YOLO Cruises |
| Mercantile Bank | 3972 | Cruise Charter Ventures LLC | |
| Mercantile Bank | 1307 | Cruise Charter Ventures LLC | |
| Mercantile Bank | 2808 | Cruise Charter Ventures Trust 08 | |
| M&T Bank | 3528 | First Advisory Income Notes | Operating |
| M&T Bank | 7489 | First Advisory Income Notes | Escrow |
| M&T Bank | 9147 | First Excelsior Income Notes LLC | Alarm Accum Account |
| M&T Bank | 0139 | First Excelsior Income Notes LLC | Operating |
| Charter One Bank | 863-8 | First Excelsior Income Notes LLC | Escrow |
| JPMorganChase | 6928 | First Excelsior Income Notes LLC | |
| NFS/Fidelity | 9280 | First Excelsior Income Notes LLC | |
| M&T Bank | 6013 | First Independent Income Notes | Operating |
| M&T Bank | 9279 | First Independent Income Notes | Monitoring Contract Accum |
| Charter One Bank | 003-6 | First Independent Income Notes | Timothy McGinn |
| JPMorganChase | 6893 | First Independent Income Notes | |
| JPMorganChase | 0087 | First Independent Income Notes | |
| NFS/Fidelity | 8934 | First Independent Income Notes | |
| Mercantile Bank | 1921 | FirstLine Senior Trust 07 DTD 5/19/07 | McGinn Smith Capital Holdings Corp. TTEE |
| M&T Bank | 5028 | FirstLine Sr Trust 07 | |
| M&T Bank | 5366 | FirstLine Sr Trust 07 Series B | |
| Mercantile Bank | 0733 | FirstLine Sr Trust 07 Series B | McGinn Smith & Co Inc Trustee |
| M&T Bank | 5010 | FirstLine Trust 07 | |
| Mercantile Bank | 910 | FirstLine Trust 07 DTD 5/19/07 | McGinn Smith Capital Holdings Corp. TTEE |
| Mercantile Bank | 0722 | FirstLine Trust 07 Series B | McGinn Smith & Co Inc Trustee, UAD 10/16/07 |
| M&T Bank | 5358 | FirstLine Trust 07 Series B | |
| M&T Bank | 6413 | Fortress Trust 08 | c/o McGinn Smith Capital Holdings Corp. |
| Mercantile Bank | 9187 | Fortress Trust 08 UTD 9/10/08 | McGinn Smith Capital Holdings Corp - TTEE |
| M&T Bank | 6165 | Integrated Excellence Jr Trust | |
| Mercantile Bank | 3994 | Integrated Excellence Jr Trust 08 DTD 5/28/08 | McGinn Smith Capital Holdings Corp - TTEE |
| M&T Bank | 6173 | Integrated Excellence Sr Trust | |

## Exhibit B
## Known Bank Accounts

| Institution | Account Number | Name of Account Holder | Account Name 2 |
|---|---|---|---|
| Mercantile Bank | ███3983 | Integrated Excellence Sr Trust 08 DTD 5/27/08 | McGinn Smith Capital Holdings Corp - TTEE |
| M&T Bank | ███6868 | IP Investors LLC | |
| M&T Bank | ███3783 | James J. Carroll Charitable Fund | |
| M&T Bank | ███6815 | JGC Trust 00 | Operating c/o McGinn Smith |
| Mercantile Bank | ███1674 | Luxury Cruise Center Inc | |
| Mercantile Bank | ███0446 | Luxury Cruise Center Inc | |
| Mercantile Bank | ███0435 | Luxury Cruise Charter Inc. Payables | |
| M&T Bank | ███3996 | M&S Partners | |
| JPMorganChase | ███3443 | McGinn Smith & Co | |
| JPMorganChase | ███5670 | McGinn Smith & Co | |
| NFS/Fidelity | ███0167 | MCGINN SMITH & CO DELIGIANNIS MASTER ACCOUNT | |
| NFS/Fidelity | ███0035 | MCGINN SMITH & CO AVERAGE PRICE ACCOUNT | |
| JPMorganChase | ███4300 | McGinn Smith & Co Capital A/C | |
| JPMorganChase | ███4302 | McGinn Smith & Co Corporate Bond A/C Attn: David Rees | |
| JPMorganChase | ███4306 | McGinn Smith & Co Deposit Account Attn: David Rees | |
| JPMorganChase | ███4305 | McGinn Smith & Co Error Account Attn: David Rees | |
| JPMorganChase | ███4301 | McGinn Smith & Co Firm Trading A/C Attn: David Rees | |
| JPMorganChase | ███4303 | McGinn Smith & Co Govt Bond A/C Attn: David Rees | |
| NFS/Fidelity | ███1007 | MCGINN SMITH & CO INC | |
| NFS/Fidelity | ███0051 | MCGINN SMITH & CO INC ALBANY BTAM $ DIFFERENCE | |
| NFS/Fidelity | ███0043 | MCGINN SMITH & CO INC ALBANY BTAM MASTER ACCOUNT | |
| NFS/Fidelity | ███1007 | MCGINN SMITH & CO INC DAVID L SMITH | |
| NFS/Fidelity | ███0175 | MCGINN SMITH & CO INC DELIGIANNIS $ DIFFERENCE | |
| NFS/Fidelity | ███0086 | MCGINN SMITH & CO INC NYC BTAM UNALLOCATED | |
| NFS/Fidelity | ███0728 | MCGINN SMITH & CO INC REVENUE ACCOUNT | |
| NFS/Fidelity | ███0060 | MCGINN SMITH & CO INC ALBANY BTAM UNALLOCATED | |
| NFS/Fidelity | ███0205 | MCGINN SMITH & CO INC BOYLAN $ DIFFERENCE | |
| NFS/Fidelity | ███0191 | MCGINN SMITH & CO INC BOYLAN MASTER ACCOUNT | |
| NFS/Fidelity | ███0183 | MCGINN SMITH & CO INC DELIGIANNIS UNALLOCATED | |
| NFS/Fidelity | ███0116 | MCGINN SMITH & CO INC ERROR ACCOUNT | |
| NFS/Fidelity | ███0230 | MCGINN SMITH & CO INC RABINOVICH $ DIFFERENCE | |
| NFS/Fidelity | ███0221 | MCGINN SMITH & CO INC RABINOVICH MASTER ACCOUNT | |
| NFS/Fidelity | ███0248 | MCGINN SMITH & CO INC RABINOVICH UNALLOCATED | |

## Exhibit B
## Known Bank Accounts

| Institution | Account Number | Name of Account Holder | Account Name 2 |
|---|---|---|---|
| NFS/Fidelity | ████0140 | MCGINN SMITH & CO INC SANCHIRICO $ DIFFERENCE | |
| NFS/Fidelity | ████0132 | MCGINN SMITH & CO INC SANCHIRICO MASTER ACCOUNTS | |
| NFS/Fidelity | ████0159 | MCGINN SMITH & CO INC SANCHIRICO UNALLOCATED | |
| NFS/Fidelity | ████0108 | MCGINN SMITH & CO INC SYNDICATE ACCOUNT | |
| JPMorganChase | ████4304 | McGinn Smith & Co Municipal Bond Account Attn: David Rees | |
| JPMorganChase | ████9815 | McGinn Smith & Co Reserve A/C Residual Bal | |
| NFS/Fidelity | ████0019 | MCGINN SMITH & CO RISKLESS PRINCIPAL | |
| JPMorganChase | ████4307 | McGinn Smith & Co Syndicate A/C | |
| M&T Bank | ████1081 | McGinn Smith & Company | Dividend |
| M&T Bank | ████4734 | McGinn Smith & Company | |
| M&T Bank | ████3569 | McGinn Smith Advisors LLC | |
| M&T Bank | ████5044 | McGinn Smith Alarm Trading LLC | |
| M&T Bank | ████4351 | McGinn Smith Capital Holdings | MSCH Paying Agent for Vidsoft Inc. |
| M&T Bank | ████3551 | McGinn Smith Capital Holdings | Payment Agent for Vigilant Privacy Corp. |
| M&T Bank | ████3803 | McGinn Smith Capital Holdings | |
| JPMorganChase | ████3573 | McGinn Smith Capital Holdings | |
| NFS/Fidelity | ████5734 | MCGINN SMITH CAPITAL HOLDINGS | |
| M&T Bank | ████5783 | McGinn Smith Capital Holdings Corp | Hannan Reserve Account |
| Mercantile Bank | ████1635 | McGinn Smith Funding LLC | |
| Monterey Bank | ████6838 | McGinn Smith Funding LLC | |
| M&T Bank | ████3925 | McGinn Smith Holdings LLC | |
| NFS/Fidelity | ████2944 | MCGINN SMITH INCENTIVE PL CUST IRA OF TIMOTHY MCGINN | |
| JPMorganChase | ████3246 | McGinn Smith Incentive Savings Plan | |
| Mercantile Bank | ████9022 | McGinn Smith Independent Services Corp | |
| M&T Bank | ████6975 | McGinn Smith Independent Services Corp | |
| M&T Bank | ████5051 | McGinn Smith Licensing Company LLC | |
| Mercantile Bank | ████3083 | McGinn Smith Transaction Funding Corp | |
| M&T Bank | ████6207 | McGinn Smith Transaction Funding Corp | |
| Mercantile Bank | ████3857 | McGinn Smith Transaction Funding Corp | 2nd Offering Account |
| M&T Bank | ████5036 | McGinn Smith Acceptance Corp | |
| JPMorganChase | ████0294 | McGinn, Tim (Union Bank of California Cust Adams Keegan Retirement Svgs Plan, FBO Tim McGinn A/C # ████5003) | |
| NFS/Fidelity | ████2745 | McGinn, Timothy M. | |
| M&T Bank | ████2675 | McGinn, Timothy M. | |
| M&T Bank | ████9504 | McGinn, Timothy M. | |
| Mercantile Bank | ████2171 | MR Cranberry LLC | c/o Timothy McGinn |
| NFS/Fidelity | ████4272 | MR Cranberry LLC | |
| M&T Bank | ████6421 | MSFC Security Holdings LLC | |
| Mercantile Bank | ████9220 | NEI Capital LLC | |
| M&T Bank | ████5833 | Pacific Trust 02 | Operating |
| M&T Bank | ████9626 | Pine Street Capital Management LLC | |
| M&T Bank | ████5478 | Pine Street Capital Partners | |
| M&T Bank | ████9535 | Pine Street Capital Partners LP | Operating |
| Mercantile Bank | ████9687 | Prime Vision Communication Mgmt Keys Cove LLC | c/o McGinn Smith & Co |
| Bank of Florida | ████5976 | Prime Vision Communications LLC | |

**Exhibit B**
**Known Bank Accounts**

| Institution | Account Number | Name of Account Holder | Account Name 2 |
|---|---|---|---|
| Mercantile Bank | 9698 | Prime Vision Communications of Cutler Cay LLC | c/o McGinn Smith & Co |
| Mercantile Bank | 9518 | Prime Vision Funding of Cutler Cove LLC | c/o McGinn Smith & Co |
| Mercantile Bank | 9529 | Prime Vision Funding of Key Cove LLC | c/o McGinn Smith & Co |
| M&T Bank | 6767 | RTC Trust 02 | Accum |
| M&T Bank | 6775 | RTC Trust 02 | Operating |
| JPMorganChase | 6792 | RTC Trust II | |
| M&T Bank | 8635 | SAI Trust 00 | |
| Charter One Bank | 823-3 | SAI Trust 00 | |
| M&T Bank | 8966 | SAI Trust 03 | Jr |
| M&T Bank | 4620 | SAI Trust 03 | Sr |
| M&T Bank | 7729 | Security Participation Trust I | |
| M&T Bank | 9410 | Security Participation Trust II | Accum |
| M&T Bank | 9288 | Security Participation Trust II | Operating |
| M&T Bank | 8123 | Security Participation Trust III | Operating |
| M&T Bank | 8115 | Security Participation Trust III | Accum |
| M&T Bank | 5460 | Security Participation Trust IV | |
| Charter One Bank | 023-6 | Security Participation Trust Oper | |
| M&T Bank | 4492 | Seton Hall Associates | McGinn & Smith |
| NFS/Fidelity | 2208 | Smith, David L. | |
| M&T Bank | 8965 | Smith, David L. | |
| NFS/Fidelity | 0916 | Smith, Lynn A. | |
| NFS/Fidelity | 0912 | Smith, Lynn A. | |
| Bank of America | | Smith, Lynn A. | |
| Mercantile Bank | 9507 | TDM Cable Funding LLC | c/o McGinn Smith & Co |
| Mercantile Bank | 9573 | TDM Cable Funding LLC / TDM Cable Trust 06 | c/o McGinn Smith & Co |
| M&T Bank | 4765 | TDM Cable Funding LLC TDM Verifier Trust 07 Operating | TDM Verifier Trust 07 Operating |
| M&T Bank | 4500 | TDM Cable Funding LLC Trust 06 Account | Trust 06 Account |
| M&T Bank | 6234 | TDM Luxury Cruise Trust 07 | |
| Mercantile Bank | 2086 | TDM Luxury Cruise Trust 07 DTD 7/16/07 | McGinn Smith Capital Holdings Corp - TTEE |
| Mercantile Bank | 437 | TDM Verifier Trust 07 | Escrow |
| Mercantile Bank | 4216 | TDM Verifier Trust 07R | |
| M&T Bank | 6738 | TDM Verifier Trust 08 | |
| Mercantile Bank | 1030 | TDM Verifier Trust 08 DTD 12/11/07 | McGinn Smith Capital Holdings Corp - TTEE |
| Mercantile Bank | 9132 | TDM Verifier Trust 08R DTD 12/11/07 | McGinn Smith Capital Holdings Corp - TTEE |
| M&T Bank | 6736 | TDM Verifier Trust 09 | |
| Mercantile Bank | 4007 | TDM Verifier Trust 09 DTD 12/15/08 | McGinn Smith Capital Holdings Corp - TTEE |
| M&T Bank | 7064 | TDM Verifier Trust 11 | |
| M&T Bank | 0409 | TDM Verifier Trust 11 | |
| M&T Bank | 7056 | TDMM Benchmark Trust 09 | |
| Mercantile Bank | 9077 | TDMM Cable Funding LLC | |
| Mercantile Bank | 4139 | TDMM Cable Jr Tr 09 DTD 1/16/09 | McGinn Smith Capital Holdings Corp - TTEE |
| M&T Bank | 6728 | TDMM Cable Jr Trust 09 | |
| Mercantile Bank | 4150 | TDMM Cable Sr Tr 09 DTD 1/16/09 | McGinn Smith Capital Holdings Corp - TTEE |
| M&T Bank | 6710 | TDMM Cable Sr Trust 09 | |
| M&T Bank | 6462 | Third Albany Income Notes | Escrow |
| NFS/Fidelity | 9884 | Third Albany Income Notes | |
| M&T Bank | 9550 | Third Albany Income Notes | Operating |
| M&T Bank | 8593 | Third Albany Income Notes | Alarm Accum |
| JPMorganChase | 6988 | Third Albany Income Notes | |

4

**Exhibit B**
Known Bank Accounts

| Institution | Account Number | Name of Account Holder | Account Name 2 |
|---|---|---|---|
| NFS/Fidelity | ████9671 | ████████TTEE David L Smith & Lynn A Smith, Irrev Tr U/A ████04 | |

5